Dear Chief Taylor:
As Chief of Police for the City of Florida City, you have asked for my opinion on substantially the following question:
Is the Florida City Police Department authorized to use contraband forfeiture trust funds available pursuant to section 932.7055(4), Florida Statutes, to fund:
1) The purchase of vehicles and specialized equipment for those vehicles;
2) A narcotics trained police dog.
According to your letter, the Florida City Police Department is interested in using contraband forfeiture trust funds for a number of projects to enhance the operation of the police department and provide its officers with the proper equipment and training.
Sections 932.701 — 932.707, Florida Statutes, constitute the Florida Contraband Forfeiture Act. Section 932.702, Florida Statutes, makes it unlawful to transport, conceal, or possess contraband articles or to acquire real or personal property with contraband proceeds. The act states that any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of its terms may be seized and shall be forfeited pursuant to its provisions.[1] The act provides that when the seizing agency is a municipality, after payment of certain liens and costs, the remaining proceeds shall be deposited in a special law enforcement trust fund established by the governing body of the municipality.[2]
Section 932.7055(5)(a), Florida Statutes, requires that the proceeds from a forfeiture and the interest earned therefrom be used only
"for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
These funds may be expended upon the request of the chief of police to the governing body of the municipality and must be accompanied by a written certification that the request is in compliance with the provisions of section 932.7055(5). An appropriation of contraband forfeiture trust funds must be made by the governing body of the municipality to the police department.[3]
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the . . . governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds.
Notwithstanding the drug abuse education, drug treatment, drug prevention, crime prevention, safe neighborhood, or school resource officer minimum expenditures or donations, the . . . chief of police and the governing body of the municipality may agree to expend or donate such funds over a period of years if the expenditure or donation of such minimum amount in any given fiscal year would exceed the needs of the county or municipality for such program(s). Nothing in this section precludes the expenditure or donation of forfeiture proceeds in excess of the minimum amounts established herein."[4]
Given the statutory prohibition against using contraband forfeiture trust funds as a source of revenue to meet the normal operating needs of a law enforcement agency, this office has consistently concluded that contraband funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established.[5] This office has, on occasion, concluded that proposed expenditures were outside the scope of permissible uses for contraband forfeiture funds.[6] Ultimately, the decision of whether the expenditure is for an appropriate law enforcement purpose must be made by the governing body of the city.[7]
Vehicles and Equipment
According to your letter, the department is contemplating the purchase of vehicles for the canine unit and for the traffic and drug enforcement units. Specialized equipment, such as trunk mount radios and emergency light equipment, may also be purchased for the vehicles. While the purchase of vehicles would appear to be among the normal operating needs of the police department, specialized equipment for those vehicles to enable them to conduct particular crime prevention operations would appear to qualify as extraordinary and beyond what is usual, normal, regular or established. Thus, the use of contraband forfeiture funds to specially equip vehicles purchased by the department would be an appropriate use of these funds.
Narcotics Trained Police Dog
The Florida City Police Department has a seven-year-old narcotics trained police dog. You state that he participates in narcotics sweeps with U.S. Customs and neighboring law enforcement agencies in addition to his work for your department. Because of the police dog's age, your department is anticipating his retirement.
A narcotics trained canine would appear to come within the scope of the statute's authorization of expenditures for drug prevention programs and crime prevention. In addition, the expense incurred in securing such a police dog may fall within the statutory language authorizing expenditures for "defraying the cost of protracted or complex investigations, providing additional equipment or expertise[.]" Thus, it is my opinion that the cost of securing a narcotics trained police dog for the Florida City Police Department may appropriately be paid from the contraband forfeiture funds available to the department pursuant to section 932.7055, Florida Statutes.
In sum, section 932.7055, Florida Statutes, requires that contraband forfeiture trust funds be used only for the expressly specified purposes set forth in the statute or for other extraordinary programs and purposes, beyond what is usual, normal, regular, or established. Using this analysis and as discussed more fully herein, the Florida City Police Department may use contraband forfeiture trust funds for specialized equipment for its vehicles, such as trunk mount radios and emergency light equipment. The department also appears to be authorized to use these funds to secure a narcotics trained police dog for use in drug prevention programs and in protracted or complex investigations with other law enforcement agencies.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 932.703(1)(a), Fla. Stat.
[2] See s. 932.7055(4)(a), Fla. Stat.
[3] Section 932.7055(5)(b), Fla. Stat.
[4] Section 932.7055(5)(c), Fla. Stat.
[5] See Ops. Att'y Gen. Fla. 02-80 (2002) (trust fund may not be used to develop and construct satellite community police office as statutes prohibit use of contraband forfeiture trust funds for meeting "normal operating needs of the law enforcement agency") 83-09 (1983) (trust fund may not be used to compensate physician's assistant rendering medical services at the county jail as furnishing medical care and treatment to county prisoners is an ongoing, normal or regular duty and function of sheriff's office); 96-62 (1996) (cost of upgrading computers a normal operating expense of department that may not be paid from contraband forfeiture trust fund), 91-69 (1991) (special law enforcement team patrolling highway deemed normal activity not payable from trust fund), and 86-48 (1986) (county may not use trust funds to construct an evidence storage building).
[6] See Ops. Att'y Gen. Fla. 97-31 (1997) (city is not authorized to use contraband forfeiture funds to build and maintain a stable for horses to be used for a mounted police patrol unit); 89-78 (1989) (contraband forfeiture funds may not be used to augment salaries of police officers or pay tuition supplements to recruits); 86-48 (1986) (county not authorized to use the funds to construct a building to be used by the sheriff for storing evidence).
[7] See Ops. Att'y Gen. Fla. 96-62 (1996) (board of county commissioners has ultimate discretion in determining whether contraband forfeiture trust fund monies will be expended for the purposes requested by the sheriff); 92-76 (1992) (contraband forfeiture funds may be used to support weekly teen dances if governing body of the city makes the determination that the program serves an appropriate law enforcement purpose); and 89-78 (1989) (determination of whether expenditure is for a law enforcement purpose must be made by the governing body of municipality).